UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ALONZO WASHINGTON, JR.,
            *Defendant-Appellant.*

⎫
⎬  No. 03-4365
⎭

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-78-BO)

Submitted: October 31, 2003

Decided: November 14, 2003

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Alonzo Washington, Jr., pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of forty-six months imprisonment. Washington contests the district court's decision to give him a two-level adjustment for reckless endangerment during flight. *U.S. Sentencing Guidelines Manual* § 3C1.2 (2002). We affirm.

Washington was in a group of people loitering at a lot in Raleigh, North Carolina, known for criminal activity and posted with "No Trespassing" signs when police approached. A number of people got into their parked cars, but Washington, a convicted felon, appeared nervous and fled on foot when the officers advanced toward him. The officers saw him trying to retrieve something from his right pants pocket. Washington was apprehended after a short chase and tackled to the ground. After he was on the ground, Washington continued to reach inside his pocket. Once Washington was handcuffed, the officers discovered a loaded .25 caliber semi-automatic handgun in that pocket.

A two-level adjustment is provided under USSG § 3C1.2 when the conduct of the defendant "recklessly created a substantial risk of death or serious bodily injury to another person" while he was fleeing from a law enforcement officer. Application Note 2 adopts the definition of "reckless" in Application Note 1 to USSG § 2A1.4, that is, that the defendant "was aware of the risk created by his conduct and that risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." At his sentencing, Washington proffered through his attorney that he had intended to throw the gun away. He argues on appeal that the adjustment was not warranted because the evidence showed only that he fled, that he was

unable to get the gun out of his pocket, and that the police did not know he had a gun until after he was apprehended. He asserts that his effort to get rid of the gun was instinctual, relying on *United States v. John*, 935 F.2d 644, 648 (4th Cir. 1991), which held that "mere flight" does not warrant the adjustment, and that "endangering others during flight or in the course of resisting arrest involves active, willful behavior . . .," while "mere flight or disagreeableness during an encounter involves more passive or instinctive conduct."

Washington's attempt to take the gun out of his pocket was active and willful conduct which created a substantial risk of injury to the officers and any bystanders in the area. Because the police could not know that, if indeed he had a gun, he intended to throw the gun away, Washington's conduct could easily have caused the officers to shoot in self-defense. Washington could not have been unaware of the danger inherent in drawing a gun—or appearing to do so—while being pursued or apprehended by police. Therefore, we conclude that the district court did not clearly err in making the adjustment.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*